**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALTER T. MYRTLE AND<br>AMANDA M. MYRTLE, | Case No. 12-51281 |
| Debtors. | |
| | |
| LAURA A. LE VAN-VOEGLER AND<br>CHRISTOPH J VOEGLER, | |
| Plaintiffs, | |
| v. | Adversary Case No. 12-05074 |
| WALTER T. MYRTLE AND<br>AMANDA M. MYRTLE, | |
| Defendants. | |

**MEMORANDUM OPINION DENYING DEBTOR-DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Laura Van-Voegler and Christoph Voegler filed this adversary proceeding seeking a determination that the debt they allegedly hold against the debtors, Walter and Amanda Myrtle, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). On the eve of the pre-trail conference, the debtors filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law on Plaintiffs' complaint. The Court held a hearing on Defendants' motion for summary judgment on August 13, 2013. At the hearing, the Court raised questions regarding the existence of a debt and the Court's authority to determine the existence of said debt. Following the hearing, the Court took Defendants' motion under advisement and invited the parties to submit post-hearing briefs. Each party submitted a brief. Based on the pleadings, exhibits, arguments presented at the hearing, and the briefs, the Court makes the following findings of fact and conclusions of law.

## UNDISPUTED FACTS

The following facts are undisputed. On June 25, 2011, the Plaintiffs entered into a contract with Serenity Pool & Spa.[1] Serenity Pool & Spa is a trade name for Walter Myrtle and possibly Amanda Myrtle. Plaintiffs paid the Myrtles a total of $31,000.00 in connection with the contract.[2]

A building permit was issued by Warren County to Serenity Pool & Spa.[3] Mr. Mrytle held a valid Class B Contractor's License t/a/ Serenity Pool & Spa prior to April 3, 2012.[4]

Mr. Myrtle's license was revoked on April 3, 2012, by the Virginia Department of Professional and Occupational Regulation Compliance and Investigation Division.[5]

Months later, on July 27, 2012, Plaintiffs filed a state court action against Mr. and Mrs. Myrtle that alleged breach of contract, fraud in the inducement, and violations of the Virginia Consumer Protection Act.[6] On September 28, 2012, before the trial, Mr. and Mrs. Myrtle filed a voluntary Chapter 7 petition with this Court.[7]

---

[1]    *Compare* Complaint at ¶ 6, *Voegler v. Myrtle (In re Myrtle)*, No. 12-05074 (Bankr. W.D. Va. Dec. 21, 2012) ECF No. 1 *with* Defendants' Answer and Affirmative Defenses at ¶ 3, *Voegler v. Myrtle (In re Myrtle)*, No. 12-05074 (Bankr. W.D. Va. Dec. 21, 2012) ECF No. 5.

[2]    *Compare* Complaint at ¶ 18, *In re Myrtle)*, No. 12-05074, ECF No. 1 *with* Defendants' Answer and Affirmative Defenses at ¶ 13, *In re Myrtle*, No. 12-05074, ECF No. 5.

[3]    *Compare* Complaint at ¶ 8, *In re Myrtle*, No. 12-05074, ECF No. 1 *with* Defendants' Answer and Affirmative Defenses at ¶ 5, *In re Myrtle*, No. 12-05074, ECF No. 5.

[4]    *Compare* Complaint at ¶¶ 4, 21, *In re Myrtle*, No. 12-05074, ECF No. 1 *with* Defendants' Answer and Affirmative Defenses at ¶¶ 2, 16, *In re Myrtle*, No. 12-05074, ECF No. 5.

[5]    *Compare* Complaint at ¶ 21, *In re Myrtle*, No. 12-05074, ECF No. 1 *with* Defendants' Answer and Affirmative Defenses at ¶ 16, *In re Myrtle*, No. 12-05074, ECF No. 5.

[6]    *Compare* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment at 2, *Voegler v. Myrtle (In re Myrtle)*, No. 12-05074 (Bankr. W.D. Va. Dec. 21, 2012) ECF No. 45 *with* Defendants' Rebuttal at 1 – 2, *Voegler v. Myrtle (In re Myrtle)*, No. 12-05074 (Bankr. W.D. Va. Dec. 21, 2012) ECF No. 46.

[7]    *Compare* Complaint at ¶ 1, *In re Myrtle*, No. 12-05074, ECF No. 1 *with* Defendants' Answer and Affirmative Defenses at ¶ 2, *In re Myrtle*, No. 12-05074, ECF No. 5.

Mr. and Mrs. Myrtle listed Plaintiffs in their bankruptcy schedules as holding a potential unsecured, non-priority claim for $443,000.00 based on the pending state law action.[8] Plaintiffs did not file a claim in this case.[9]  The Voeglers filed this adversary proceeding on December 12, 2102.

## JURISDICTION AND AUTHORITY

Mr. and Mrs. Myrtle are debtors in this Court. The Voeglers have a proceeding against the debtors pursuant to Bankruptcy Code section 523(a)(2)(A). The action is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it pertains to the question of whether the debt allegedly owed to the Voeglers is excepted from Mr. and Mrs. Myrtle's discharge. Pursuant to 28 U.S.C. §§ 1334 and 157, this Court has jurisdiction over this case and statutory authority to determine the question of dischargeability under 11 U.S.C. § 523(a)(2)(A).

In addition to the issue of dischargeability, Plaintiffs' complaint asks this Court to resolve the underlying question of liability, liquidate damages, and award punitive damages and attorney's fees.[10] At the hearing on Defendants' motion for summary judgment, the Court requested that the parties submit case law on the issue of whether the Court has the authority to determine liability, liquidate Plaintiffs' claim, and award punitive damages,[11] in light of the United States Supreme Court's ruling in *Stern v. Marshal*, ___ U.S. ___, 131 S.CT. 2594 (2011).[12] After review of the

---

[8]    In their schedules, Mr. and Mrs. Myrtle listed claims against the Plaintiffs for malicious prosecution in connection with the state law action.

[9]    The Notice of bankruptcy provided to creditors requested that they not file a proof of claim unless instructed to do so. *See Voegler v. Myrtle (In re Myrtle)*, No. 12-05074 (Bankr. W.D. Va. Dec. 21, 2012) ECF Nos. 6, 7. The Chapter 7 trustee reported no assets for distribution and accordingly no notice to file a claim was provided to creditors in this case. *See* Chapter 7 Trustee's Report of No Distribution, *Voegler v. Myrtle (In re Myrtle)*, No. 12-05074 (Bankr. W.D. Va. Dec. 21, 2012) ECF docket entry October 26, 2012.

[10]    Complaint at ¶¶ 28, 45, *In re Myrtle)*, No. 12-05074, ECF No. 1.

[11]    Plaintiffs have yet to give the Court grounds to award punitive damages under Virginia law and the Court anticipates that grounds for the request, if they exist, will be provided at trial.

[12]    The Supreme Court's decision in *Stern v. Marshal* calls into question the bankruptcy court's constitutional authority to answer certain state law questions regardless of the matter's designation as a core proceeding under 28 U.S.C. § 157. The Plaintiffs' non-dischargeability proceeding asks this Court, an Article I court, to adjudicate liability on state law causes of action, as well as award damages and fees. This Court must be cognizant of the

materials submitted by the parties and the case law of our sister courts, this Court concludes that it has authority to adjudicate these integral and necessary issues associated with the Plaintiffs' non-dischargeability action. *In re Deitz*, 469 B.R. 11 (9th Cir. BAP 2012) (holding that *Stern* does not preclude a bankruptcy court from liquidating a creditor's claim through the non-dischargeability process); *In re Cowin*, 492 B.R. 858 (Bankr. S.D. Tex. 2013) (holding that liquidating state law claims against a debtor is closely integrated into the Code, is a necessary element to determining dischargeability, and, therefore, is not precluded by *Stern*); *In re Conley*, 482 B.R. 191 (Bankr. S.D. Ohio 2012) (holding that the bankruptcy court had the constitutional authority to enter a final judgment liquidating the creditor's claim before determining dischargeability); *In re Borich*, 464 B.R. 335 (Bankr. N.D. Ill. 2011) (holding that the authority to liquidate judgments in order to adjudicate non-dischargeability was not impaired by *Stern*). The Court concludes it has constitutional authority to issue a final ruling in this matter, even though liability on the non-bankruptcy law cause of action has not been determined.

### STANDARD OF REVIEW ON SUMMARY JUDGMENT

Defendants have filed a motion for summary judgment on the Plaintiffs' complaint. Summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *News and Observer Publishing Co. v. Raleigh-Durham Airport*, 597 F.3d 570, 576 (4th Cir. 2010). Facts are considered material when they might be outcome determinative. *Id.* An issue is considered to be genuine when the evidence is such that a reasonable juror could return a verdict for the non-moving party. *Id.* Lastly, the moving party is entitled to judgment as a matter of law if the non-moving party fails to make an adequate showing as to an essential element for which he has the burden of proof. *Id.* In making these determinations, the non-moving party's evidence is to be believed and the Court must make all justifiable inferences in

---

constitutional constraints of Article III, as that Article has been interpreted through the Supreme Court's prior cases, on the statutory authority bestowed on this Court to hear and decide the Plaintiff's complaint.

the non-moving party's favor. *Id.* The non-moving party, however, cannot make bare assertions and survive a motion for summary judgment; rather, the non-moving party must set out specific facts showing a genuine issue for trial. *Id.*

In this case, the Voeglers are the non-moving party. They are seeking a determination under 11 U.S.C. § 523(a)(2)(A) that the debt allegedly owed them by Mr. and Mrs. Myrtle is non-dischargeable. At trial, the Voeglers carry the burden of establishing all the elements necessary for the Court to determine that they hold a debt and that it is non-dischargeable. At this stage, the Voeglers simply must set out specific material facts that establish a genuine issue as to each element of section 523(a)(2)(A) to survive Defendants' motion and proceed to trial. If the Voeglers fail to set out such facts, Mr. and Mrs. Myrtle are entitled to judgment as a matter of law, and the Voeglers may not proceed to trial.

### Alleged Facts, Evidentiary Support, and Defendants' Corresponding Responses

Plaintiffs have alleged the following facts. Mr. and Mrs. Myrtle knowingly and with the intent to deceive led Plaintiffs to believe that Serenity Pool & Spa was a valid Virginia corporation authorized to perform construction work in the Commonwealth. Plaintiffs had no knowledge that Serenity's corporate status had been terminated and that they were entering into a contract with Mr. Myrtle d/b/a Serenity Pool & Spa or possibly Mr. and/or Mrs. Myrtle d/b/a Serenity Pool & Spa. Plaintiffs never would have entered into the contract if they had known that Serenity Pool & Spa was not a valid Virginia corporation, was not licensed to perform construction work in Virginia, or that Mr. and/or Mrs. Myrtle had no intention of performing under the contract. Finally, but for Mr. and/or Mrs. Myrtle's false and misleading statements regarding Serenity's corporate status, authority to perform construction work in Virginia, and their intent to perform, Plaintiffs never would have entered into the contract and never would have paid Defendants the sum of $31,000.00.

5

In support of these allegations, Plaintiffs cite their sworn answers to Defendants' interrogatories, as to their belief that Serenity Pool & Spa was a valid Virginia corporation licensed to perform construction work in Virginia. Additionally, Plaintiffs intend to testify as to their reliance and the damage they suffered as a result of Defendants' statements. Furthermore, Plaintiffs anticipate entering into evidence certain documents that support Plaintiffs' belief, including advertising materials, the contract, permit applications, change orders, and a fictitious name certificate.

Defendants generally dispute these allegations. In particular, Defendants deny taking any actions to intentionally deceive or mislead Plaintiffs to believe that Serenity Pool & Spa was a Virginia corporation. More to the point, Defendants allege that Plaintiffs knew that Serenity Pool & Spa was not a Virginia corporation. In fact, the Defendants cite to Mrs. Van-Voegler's admission of her knowledge that Serenity Pool & Spa is unincorporated. Additionally, Defendants deny they lacked the intention to perform the contract. Defendants charge that Plaintiffs thwarted efforts to complete the project, the project was substantially completed, and Plaintiffs' unavailability excused Defendants' performance under the contract.

In support of these denials and allegations, Defendants plan to present the following evidence. First, Defendants identify the contract and advertising materials. They assert that nothing in the contract or advertising materials constitutes a representation that Serenity Pool & Spa was a Virginia corporation, and they will testify that no such representations were ever made. Second, Defendants plan to introduce a letter in which Mrs. Van-Voegler stated she believed Serenity Pool & Spa to be an unincorporated entity and declared that nothing in the materials provided by the Defendants suggested they were incorporated. Third, Defendants will introduce photos taken from the project that show a near completed pool containing water and Defendants' testimony explaining how Plaintiffs refused to permit Defendants access to complete the project. Finally, Defendants will introduce the contract and, in particular, provision 8.17 of the contract, which provides that if the owner fails to permit completion, the contract will be considered completed.

Plaintiffs allege that they made an initial payment of $6,475.00 in the form of a check five days before construction was about to begin. Plaintiffs further allege that Mr. and/or Mrs. Myrtle informed them that it would take fourteen days for the check to clear and specifically requested full payment of $31,000.00 be made at that time with a cashier's check. At the time they requested payment in full, Plaintiffs allege that Mr. and/or Mrs. Myrtle falsely represented that construction would be completed within fourteen days. Plaintiffs allege that the Myrtles knew they could not complete the project in fourteen days, had no intention to complete the project at the time they entered the contract and/or at the time they requested full payment, and made these knowingly false statements in order to induce Plaintiffs to pay the full contractual amount early. According to Plaintiffs, based on the representations made by Mr. and/or Mrs. Myrtle, the Plaintiffs tendered the full $31,000.00 to the Defendants.

In support of these allegations, Plaintiffs plan to present the following circumstantial evidence to establish Defendants' intent at the time the contract was formed. First, Plaintiffs plan to introduce the Consent Order and Report of Findings[13] in which Mr. Myrtle acknowledged his intentional failure to complete Plaintiffs' pool, that such failure was unjustifiable, and that he misapplied funds from the Plaintiffs' project. Second, Plaintiffs plan to call at least four of Defendants' former clients to establish a pattern of practice in which Mr. and/or Mrs. Myrtle allegedly required full payment for services only to underperform and abandon the projects. Third, Plaintiffs propose to introduce the fact that Mr. Myrtle has admitted to intentionally lying to Plaintiffs regarding a death in his family in order to avoid having to answer their questions regarding when the project would be completed.

---

[13]    The Commonwealth of Virginia Department of Professional and Occupational Regulation issued a Consent Order in which Mr. Mrytle admitted statutory violations and consented to revocation of his contractor's license. Exhibit F to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, *In re Myrtle*, No. 12-05074, ECF No. 45.

Defendants generally dispute these allegations. In particular, Defendants deny having represented to Plaintiffs that it would only take fourteen days to complete the project. Defendants allege that they advised Plaintiffs that it would take four to five weeks to complete the project. Furthermore, Defendants deny requesting upfront payment of the contract price. Defendants allege they requested cleared funds in order to perform work, and Plaintiffs voluntarily provided a cashier's check for the full contract amount, so as to avoid any delay with the funds being released. Defendants insist they did not specify when such was to be tendered. Additionally, Defendants deny that they lacked the intent or the ability to complete the project. Defendants allege that the pool was near complete within two weeks of the commencement of construction.

In support of these denials and allegations, Defendants will present testimony, as well as a second letter written by Mrs. Van-Voegler in which she admits to the Defendants' allegations.

The Voeglers allege they complied with all material provisions of the contract in reliance on Defendants' representations. They allege that Defendants breached the contract by failing to complete the work and deliver the items called for by the contract, abandoning the project, and misapplying funds from this project to other projects. Furthermore, Plaintiffs allege that because of Defendants' breach, they were required to hire another contractor to complete the project at a cost of $34,419.51.

Defendants deny these allegations and assert that they complied with the contract, that Plaintiffs refused to permit them to complete the project, and that neither Mr. nor Mrs. Myrtle made false or misleading representations upon which Plaintiffs could have relied.

### ELEMENTS OF A SECTION 523(a)(2)(A) ACTION

Plaintiffs seek a determination under 11 U.S.C. § 523(a)(2)(A) that the debt they claim to hold against Mr. and Mrs. Myrtle is excepted from discharge under section 727. Section 523(a)(2)(A) provides:

(a) A discharge under section 727 … of this title does not discharge an individual
   debtor from any debt –
   . . .

(2) for money, property, services, or an extension, renewal, or refinancing of
   credit, to the extent obtained, by –

(A) false pretenses, a false representation, or actual fraud, other than a statement
   respecting the debtor's or an insider's financial condition;

A determination under section 523(a)(2)(A) is a two-step process. *Stanbrough v. Valle (In re Valle)*,

469 B.R. 35, 43 (Bankr. D.Idaho 2012) (citing *Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263

F.3d 862, 868 (9th Cir. 2001)). First, the debt must be established. *Id.* Second, the nature of the debt

– dischargeable or nondischargeable – must be determined. *Id.* When the debt is unliquidated,

contingent, or disputed, the bankruptcy court must determine liability and damages in order to

establish the underlying debt. *Id. See also*, *Second Avenue Holdings, LLC. v. Latimer (In re Latimer)*,

489 B.R. 844 (Bankr. N.D.Ala. 2013); *Sterling Factors, Inc. v. Whelan,* 245 B.R. 698, 708 (N.D.Ga.

2000) ("[A]n adversary proceeding respecting dischargeability consists of three elements: liability,

damages, and dischargeability."); *Trustees of the Operating Engineers Local # 965 Health Benefit*

*Plan v. Westfall (In re Westfall),* 379 B.R. 798, 802–803 (Bankr.C.D.Ill. 2007) ("This Court must

determine the existence of an underlying debt before reaching the dischargeability issues.");

*Drummond v. Freeland (In re Freeland),* 360 B.R. 108, 129 (Bankr.D.Md. 2006) ("When a

complaint to determine nondischargeability of debt is brought in the bankruptcy court prior to the

entry of a judgment in a nonbankruptcy forum, the bankruptcy court has subject matter jurisdiction,

not only to determine the nondischargeability of the debt, but also to liquidate the amount of the debt and

enter a nondischargeable judgment therefor."); *Gattalaro v. Pulver (In re Pulver),* 327 B.R. 125, 132

(Bankr.W.D.N.Y. 2005) ("In an Adversary Proceeding respecting dischargeability, there are three

elements to be determined. These elements are liability, damages and dischargeability.").

The establishment of the debt is determined through the adjudication of the underlying claim

under applicable non-bankruptcy law. *In re Valle*, 469 B.R. at 43. In order to determine if that claim

is non-dischargeable in bankruptcy, the party moving for the non-dischargeable determination must

establish five elements:

    (1)  that the debtor made a misrepresentation or committed other fraud;
    (2)  that at the time, the debtor knew the conduct was fraudulent;
    (3)  that the debtor's conduct was with the intention and purpose of deceiving or
          defrauding the creditor;
    (4)  that the creditor relied on the debtor's representations or other fraud; and
    (5)  that the creditor sustained loss and damage as the proximate result of the
          representations or fraud.

*Cheatham v. Bradley (In re Bradley)*, 478 B.R. 796, 799 (Bankr. E.D.Va. 2012) (citing cases). This

party must prove each element by a preponderance of the evidence. *See id.* (citing *Grogan v. Garner*,

498 U.S. 279, 291 (1991)). To decide Defendants' motion for summary judgment, the Court must

determine whether Plaintiffs have set out material facts creating a genuine issue as to each element

outlined above.

<u>THE EXISTENCE OF A DEBT</u>

       Section 101(10) of the Bankruptcy Code defines a "debt" as liability on a claim. 11 U.S.C. §

101(10). The existence of a debt is determined through reference to applicable state law. *In re Valle*,

469 B.R. at 43. At trial, Plaintiffs carry the burden of proving the existence of a debt. Plaintiffs'

complaint alleges three causes of action under applicable Virginia law. At the hearing on Defendants'

motion for summary judgment, however, Plaintiffs advised the Court that they would not be

presenting evidence on Count II. The Court, therefore, considers Count II to be withdrawn. As such,

the Court must consider whether Plaintiffs' have a shown a genuine issue of material fact as to each

element of their remaining state law causes of action.

**Count I – Fraud in the Inducement**

       Plaintiffs have alleged fraud in the inducement as one theory supporting both liability and

non-dischargeability. Under Virginia law, fraud in the inducement occurs when one provides a "false

representation of a material fact, constituting an inducement to the contract, on which the [other] had

a right to rely." *Abi-Najm v. Concord Condominium, LLC*, 699 S.E.2d 483, 489 (Va. 2010); *see also*, *Augusta Mutual Insurance Co. v. Mason*, 645 S.E.2d 290, 293 (Va. 2007). Therefore, the general elements of fraud in the inducement are: (1) false representation of material fact; (2) reliance; and (3) inducement to enter the contract.

Fraud in the inducement is always grounds for rescission of a contract – a contractual remedy – but may also be grounds for an action for damages – a tort remedy. *Abi-Najm*, 699 S.E.2d at 489. Plaintiffs have requested this Court determine damages and, therefore, have asserted a cause of action sounding in tort. To succeed in tort, the moving party must establish that the misrepresentation pertained to present, pre-existing facts.[14] *Id.* at 490. The intent not to perform a promise, when made, constitutes a misrepresentation pertaining to a present, pre-existing fact. *Id.* (quoting *Boykin v. Hermitage Realty*, 360 S.E.2d 177, 178 – 79 (Va. 1987) (quoting *Lloyd v. Smith*, 142 S.E. 363, 365 – 66 (Va. 1928))). As such, to establish the existence of a debt under a fraud in the inducement theory, plaintiffs must set out material facts creating a genuine issue for trial as to each of the following: (1) false representation of a present, pre-existing material fact; (2) reliance; and (3) inducement to enter the contract.

Alleged Facts and Evidentiary Support

Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment provides a useful outline of the evidence Plaintiffs plan to present in support of their fraud in the inducement claim. As the Court reviews this matter on summary judgment, and Plaintiffs are the non-moving party, all justifiable inferences should be granted in Plaintiffs' favor.

*False Representation of a Present, Pre-Existing Material Fact*

---

[14]    Additionally, Virginia recognizes the "economic loss doctrine," which precludes an action in tort when the loss suffered is the result of a breach of duties assumed only by agreement. *Abi-Najm v. Concord Condominium, LLC*, 699 S.E.2d 483, 488 (Va. 2010). Neither party, however, has addressed the issue.

To survive Defendants' motion for summary judgment, Plaintiffs must establish a genuine issue of material fact as to the existence of a false representation by Defendants of a present, pre-existing material fact. Plaintiffs have identified two representations allegedly supporting their cause of action.

First, Plaintiffs assert Mr. and/or Mrs. Myrtle falsely represented that Serenity was a valid, corporate entity, authorized to perform construction work in Virginia.[15] If established at trial, the corporate status of Serenity Pool and Spa and/or its authority to perform construction work in Virginia, at the time the contract was entered into, would be a present, pre-existing fact. Second, Plaintiffs allege that Mr. and/or Mrs. Myrtle represented that Serenity had the ability and intention to perform under the contract, when Mr. and/or Mrs. Myrtle had no intention, at the time the parties entered the contract, of performing under the contract.[16] If shown, the intent not to perform a promise, when made, would constitute a misrepresentation pertaining to a present, pre-existing fact.

In support of their claim that Mr. and/or Mrs. Myrtle falsely represented that Serenity was a valid, corporate entity, Plaintiffs have outlined several pieces of evidence they contend constitute false representations of corporate status. Many of the pieces Plaintiffs point to, however, were not available to the Plaintiffs until after the contract was entered into. Therefore, such evidence cannot provide a basis for establishing a false representation, at or prior to the time of contracting, of a present, pre-existing fact. The only evidence Plaintiffs have presented that could support this element is Serenity's sales package, the contract for pool construction, and the alleged statements of Mr. and/or Mrs. Myrtle.[17] According to Plaintiffs, the sales package contained five (5) references to Serenity Pool & Spa, Inc., and the contract listed Serenity Pool & Spa as the party, as opposed to

---

[15]    Complaint at ¶¶ 7, 23, *In re Myrtle)*, No. 12-05074, ECF No. 1.

[16]    *Id.* at ¶ 24.

[17]    Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment at 6 – 7, and Exhibit E, *In re Myrtle*, No. 12-05074, ECF No. 45.

Walter Myrtle d/b/a Serenity Pool & Spa or Walter and Amanda Myrtle d/b/a Serenity Pool & Spa.[18]

Additionally, Plaintiffs propose to testify, consistent with their answers to interrogatories, that certain

statements were made by Mr. and/or Mrs. Myrtle prior to formation of the contract that led them to

believe that Serenity Pool & Spa was a valid Virginia corporation licensed to do construction work in

the Commonwealth.[19]

Plaintiffs' complaint alleges that, at the time the contract was made, Mr. and/or Mrs. Myrtle

represented that Serenity "had the ability and desire" to perform the contract. Plaintiffs plan to call

several witnesses to testify that they had the same experience with the Myrtles.[20] Plaintiffs believe

that this testimony shows that Defendants had a scheme to receive full payment upfront only to

abandon the project before it was complete.[21] The scheme, therefore, would show that Defendants

had no intention of finishing the project, only the intention to get paid. Defendants have disputed

these allegations and plan to present evidence establishing their side of the story.

Taking all inferences in Plaintiffs' favor, either of the two allegations described above would

be sufficient to create a genuine issue of material fact for trial on this element of Plaintiffs' fraud in

the inducement claim.

*Reliance*

In an attempt to prove the existence of a false misrepresentation, Plaintiffs have pointed to

representations contained in the sales packet provided by Defendants.[22] Implicit in the presentation of

this evidence is that Plaintiffs took the materials, read them, and relied upon them, as Defendants

---

[18]     *Id.* at 6.

[19]     *Id.* at 6 – 8.

[20]     *Id.* at 12.

[21]     *Id.*.

[22]     *Id.* at 6 – 7.

intended. Plaintiffs plan to testify, consistent with their answer to interrogatories, to these facts.[23]

Plaintiffs have also noted that no Fictitious Name Certificate was filed in Warren County, where the

Plaintiffs live, as would be expected and required for a non-corporate entity.[24] In addition to the

allegedly affirmative statements made by Defendants, Plaintiffs purport they relied on Mr. and/or

Mrs. Myrtle's representation that Serenity Pool & Spa intended and had the ability to perform the

contract. Plaintiffs have not provided any evidence that they actually looked for a Fictitious Name

Certificate.  Defendants, on the other hand, have produced evidence suggesting that Plaintiffs

believed Serenity to be an unincorporated entity when they entered the contract.

It appears that a genuine issue of material fact exists as to Plaintiffs' justifiable reliance on

Mr. and/or Mrs. Myrtle's allegedly false representations regarding corporate status and allegedly

false representation regarding intent and ability to perform.

*Inducement to Enter the Contract*

Plaintiffs have alleged and plan to testify that were it not for Mr. and/or Mrs. Myrtle's

allegedly false representations regarding Serenity Pool & Spa's corporate status and/or the business's

ability and intent to perform the contract, Plaintiffs would not have agreed to enter into the contract

with Serenity. Plaintiffs have alleged that their testimony will establish their personal preference for a

reputable and reliable contractor for this expensive improvement and that only an incorporated entity

could satisfy those conditions.[25] And so, Plaintiffs claim they were induced to enter the contract with

Serenity Pool & Spa as a result of Mr. and/or Mrs. Myrtle's allegedly false representations.

Defendants deny that such considerations induced the Plaintiffs to enter the contract because

Plaintiffs have admitted in writing that they believed Serenity was not a corporate entity when they

---

[23]     *Id.*

[24]     *Id.* at 7.

[25]     Exhibit E, Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, *In re Myrtle*, No. 12-05074, ECF No. 45.

entered the contract.[26] Taking Plaintiffs' proposed testimony as true and believable at this stage in the

proceedings, Plaintiffs have created a genuine issue of material fact as to this element of their fraud

in the inducement cause of action.

### Count III – False Representation

Styled as "False Representation of Completion Within 14 Days," Plaintiffs have alleged

actual fraud as an alternative theory for determining both liability and non-dischargeability.[27] Under

Virginia law, a cause of action for actual fraud requires a showing by clear and convincing evidence

of the following: (1) a false representation; (2) of a material fact; (3) made intentionally or

knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to

the party misled. *Prospect Development Co. v. Bershader*, 515 S.E.2d 291, 297 (Va. 1999); *see also*,

*Jefferson Standard Life Ins. Co. v. Hedrick*, 27 S.E.2d 198, 202 (Va. 1943) ("The law is well settled

that if one represents as true what is really false, in such a way as to induce a reasonable man to

believe it, and the representation is meant to be acted on; and he to whom the representation is made,

believing it to be true, acts on it, and in consequence thereof sustains damage, there is such fraud as

will support an action."). As with fraud in the inducement, the false representation(s) made must

pertain to then-existing facts and cannot relate to mere opinions or future events. *Prospect*

*Development*, 515 S.E.2d at 297. To establish the existence of a debt under an actual fraud theory,

Plaintiffs must set out material facts creating a genuine issue for trial as to each of the elements

outlined above.[28]

---

[26]     Exhibit 1, Defendant's Motion for Summary Judgment, *Voegler v. Myrtle, (In re Myrtle)*, No. 12-05074
(Bankr. W.D.Va. Dec. 21, 2012) ECF No. 27.

[27]     Constructive fraud involves a false representation of a material fact made innocently or negligently.
*Prospect Development Co. v. Bershader*, 515 S.E.2d 291, 297 (Va. 1999); *see also*, *Jefferson Standard Life Ins. Co.
v. Hedrick*, 27 S.E.2d 198, 202 (Va. 1943). Plaintiffs have alleged that Mr. and/or Mrs. Myrtle knew the
representation they were making was false. As such, Plaintiffs have alleged actual fraud, as opposed to constructive
fraud, because actual fraud encompasses false representations of material fact made intentionally or knowingly.

[28]     The elements necessary to prove actual fraud under Virginia law are the same elements required under 11
U.S.C. § 523(a)(2)(A). *Cheatham v. Bradley (In re Bradley)*, 478 B.R. 796, 799 (Bankr. E.D.Va. 2012). The only

<u>ALLEGED FACTS AND EVIDENTIARY SUPPORT</u>

Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment summarizes the evidence exchanged through discovery which Plaintiffs believe will prove their cause of action for actual fraud.

*False Representation of a Then-Existing Material Fact*

Plaintiffs' complaint alleges that Mr. and/or Mrs. Myrtle falsely represented "that it would take fourteen (14) days for the Plaintiffs' payment to clear, and falsely represented that they would have the Project completed within fourteen (14) days."[29] At first blush, both aspects of this statement appear to be either opinions or future events. Plaintiffs, however, aim to present evidence of a scheme perpetrated by Defendants that establishes Defendants never had any intention of completing Serenity's obligations under the contract when the statements were made.[30] Additionally, and in support of their theory that Defendants never had any intention to perform, Plaintiffs plan to present admissions by Mr. Myrtle that he intentionally lied to Plaintiffs, that he intentionally failed to complete the Plaintiffs' contract, and that his actions were unjustified.[31] Furthermore, Plaintiffs intend to present evidence that Mr. Myrtle misapplied funds received by the Plaintiffs, which if established, would create a presumption of fraud under Va. Code § 43-13.[32] Defendants have disputed all of the allegations made by Plaintiffs and have questioned the evidence.[33] Considering all

---

difference is that under Virginia law, the movant must prove the elements by clear and convincing evidence; whereas under section 523(a)(2)(A), the elements need only be proved by a preponderance of the evidence. *Compare Prospect Development*, 515 S.E.2d at 297 *with In re Bradley*, 478 B.R. at 799.

[29]    Complaint at ¶ 43, *In re Myrtle*, No. 12-05074, ECF No. 1

[30]    Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment at 12, *In re Myrtle*, No. 12-05074, ECF No. 45.

[31]    *Id.* at 10 – 11.

[32]    *Id.* at 11.

[33]    Defendants' Rebuttal at 13 – 16, *In re Myrtle*, No. 12-05074, ECF No. 46.

inferences in favor of Plaintiffs, a genuine issue of material fact exists to be determined at trial as to this element of Plaintiffs' actual fraud cause of action.

*Intentionally and Knowingly*

Plaintiffs allege that Mr. and Mrs. Myrtle made false representations intentionally and with the knowledge that they were false. Plaintiffs contend Mr. and Mrs. Myrtle knowingly made false statements because, according to Plaintiffs, Mr. and Mrs. Myrtle never intended to perform under the contract.[34] The evidence that Plaintiffs plan to use to show Mr. and Mrs. Myrtle made a false representation of a then-existing fact could also establish that such statements were made intentionally and knowingly. In particular, evidence of a common scheme would be circumstantial evidence of Mr. and/or Mrs. Myrtle's intent and knowledge regarding the veracity of their representations. Mr. and Mrs. Myrtle, however, have disputed Plaintiffs' allegations of a common scheme and point to the near completion of the project as evidence of the Defendants' efforts to complete the pool. A genuine issue of material fact exists.

*Intent to Mislead*

Plaintiffs believe that Mr. and Mrs. Myrtle's allegedly false representations were made with the intent to mislead Plaintiffs to procure payment without completing the project. In support of these allegations, Plaintiffs propose to present evidence of a common scheme by Defendants to acquire full payment, do some work, and then abandon the project before completion.[35] Plaintiffs plan to present Mr. Myrtle's admission that he would acquire full payment by one client, so that he could use the money on resources to complete another client's project.[36] Plaintiffs allege that these facts show that Mr. and Mrs. Myrtle intended to mislead Plaintiffs by falsely assuring them that it would take

---

[34]     Complaint at ¶ 17, and 24, *In re Myrtle*, No. 12-05074, ECF No. 1.

[35]     Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment at 12, *In re Myrtle*, No. 12-05074, ECF No. 45.

[36]     *Id.* at 11.

fourteen days for the check to clear and only fourteen days for Serenity to complete the project; yet, at the time made, Mr. and Mrs. Myrtle knew that they had no intention of performing.[37] Defendants have disputed Plaintiffs' portrayal of the facts.[38] Based on the information provided by Plaintiffs, and giving every inference to Plaintiffs, a genuine issue of material fact exists for adjudication at trial.

### Reliance by the Party Misled

Plaintiffs allege that based on Mr. and/or Mrs. Myrtle's allegedly false statements, Plaintiffs paid defendants $31,000.00, the full contract price, in advance of completion. Defendants deny that they made any false representations, but do not deny being paid $31,000.00, the full contract price, on the date in question. A genuine issue exists as to whether a false representation was made.  The element of reliance directly relates to the existence and character of the statement (whether it was made and whether it was false), a genuine issue of material fact exists, therefore, concerning the element of reliance.

### Damage to Party Misled as a Result

Plaintiffs allege that the damage they suffered as a result of Mr. and/or Mrs. Myrtle's allegedly false representations is the amount they paid Defendants in advance – *i.e.* $31,000.00.[39] Defendants dispute the issue of damages.[40] Defendants have also pointed to the DPOR's ruling[41] that damages were equal to $11,450.00, which may be the DPOR's findings as to contractual damages.[42]

---

[37]     *Id.* at 10.

[38]     Defendant's Motion for Summary Judgment at 7, *In re Myrtle*, No. 12-05074, ECF No. 27.

[39]     Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment at 8 – 9, *In re Myrtle*, No. 12-05074, ECF No. 45.

[40]     Defendant's Motion for Summary Judgment at 4 – 5, *In re Myrtle*, No. 12-05074, ECF No. 27.

[41]     The Virginia Department of Professional & Occupational Regulation is a state agency that regulates and issues construction licensures throughout the state of Virginia. The agency has the ability to hold hearings and issue findings related to performance and regulation of licensures. While those findings may have had an impact on whether Mr. Myrtle's license was revoked, those findings are not necessarily binding in this Court.

[42]     Defendants' Rebuttal at 14, *In re Myrtle*, No. 12-05074, ECF. No. 46.

As this fraud action sounds in tort and not contract, Plaintiffs' damages may not necessarily be confined to those available under applicable contract law. Whether $31,000, $11,450, $0, or some other amount is the damage that the Voeglers suffered as a result of the Myrtles alleged false representations is a genuine issue of material fact for the Court to determine at trial.

<u>ADDITIONAL ELEMENTS OF PLAINTIFFS' SECTION 523(a)(2)(A)</u>
<u>NON-DISCHARGEABILITY ACTION</u>

*Actual Fraud*

The elements one must show to prove actual fraud in Virginia are the same elements one must establish in a section 523(a)(2)(A) action. *In re Bradley*, 478 B.R. at 799. The Voeglers have established a genuine issue of material fact as to each element of their actual fraud cause of action. Because the elements are the same, Plaintiffs have established that a genuine issue of material fact exists as to each element of non-dischargeability as that request relates to Plaintiffs' actual fraud cause of action.

*Fraud in the Inducement*

The elements to prove fraud in the inducement are only three of the five elements one must prove under section 523(a)(2)(A). Here, the Voeglers' have established an issue of material fact as to: (1) the existence of a misrepresentation by Mr. and/or Mrs. Myrtle; (2) his and/or her knowledge that such representations were not true; and (3) Plaintiffs' reliance on such misrepresentation. To determine if Plaintiffs' complaint under section 523(a)(2)(A) can survive Defendants' motion for summary judgment, the Court must consider two additional elements.  Those elements are: (1) the Debtors' intent and purpose to deceive; and (2) the Plaintiffs' loss and damage as a proximate result of the misrepresentation.

As addressed above, Plaintiffs have shown a genuine issue of material fact exists as to each element of their fraud in the inducement cause of action. Implicit in Plaintiffs' fraud in the inducement cause of action is that Mr. and/or Mrs. Myrtle made the alleged false representation with

the intent and purpose that Plaintiffs would (1) enter a contract with an entity different than expected and (2) agree to the terms of a contract that Mr. and/or Mrs. Myrtle never intended to honor. Such an inducement would exhibit an intent and purpose to defraud by Mr. and/or Mrs. Myrtle. Since a genuine issue of material fact exists as to the cause of action and the cause of action implies intent and purpose to deceive when making the false statements, Plaintiffs have established that a genuine issue of material fact exists as to Mr. and/or Mrs. Myrtle's intent and purpose in making the allegedly false representations.

The Voeglers' fraud in the inducement cause of action alleges that they would not have entered into the contract with Serenity Pool & Spa, but for Mr. and/or Mrs. Myrtle's allegedly false representations.[43] Along these lines, Plaintiffs have stated in their sworn answers to interrogatories that they would not have paid the Defendants $31,000.00 had they not entered said contract.[44] As such, Plaintiffs claim that the loss of $31,000.00 is a proximate result of defendants' allegedly false representations. Defendants dispute the amount of damages actually suffered by Plaintiffs as a result of the transaction between the parties, as well as the existence of false or misleading statements by Mr. and/or Mrs. Myrtle.[45] Therefore, a genuine issue of material fact exists as to whether or not Plaintiffs have suffered damage and loss as a proximate result of Mr. and/or Mrs. Myrtle's allegedly false representations to induce Plaintiffs to enter the contract.

## CONCLUSION

Plaintiffs' complaint requests that the Court not only determine that the alleged debt owed them by the Defendants is non-dischargeable, but also determine liability and liquidate their claim. In order to survive Defendants' motion for summary judgment, Plaintiffs must show that a genuine

---

[43]     Complaint at ¶ 27, *In re Myrtle*, No. 12-05074, ECF No. 1.

[44]     Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment at 8, *In re Myrtle*, No. 12-05074, ECF No. 45.

[45]     Defendant's Motion for Summary Judgment at 3 – 5, *In re Myrtle*, No. 12-05074, ECF No. 27.

issue of material fact exists as to each element for which they carry the burden at trial. At trial, the

Plaintiffs must carry the burden of proving liability, damages, and dischargeability under 11 U.S.C. §

523(a)(2)(A). After a review of the pleadings, arguments, and proposed evidence, the Court

concludes that Plaintiffs have shown a genuine issue of material fact as to each element for which

they carry the burden at trial. For this reason, Defendants are not entitled to judgment as a matter of

law and their motion for summary judgment is denied. The Court will issue an order consistent with

this memorandum opinion.  Copies of this memorandum opinion are directed to be sent to the

Plaintiffs, Plaintiffs' counsel, the Defendants, and Defendants' counsel.

Date: October 15, 2013                          Rebecca B. Connelly
                                                United States Bankruptcy Judge